# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 3835 | **DATE** | July 9, 2012 |
| **CASE TITLE** | Curtis Stewart (#2011-0730205) v. Cook County Jail, et al. | | |

**DOCKET ENTRY TEXT:**

The Court has reviewed Plaintiff's proposed amended complaint pursuant to 28 U.S.C. § 1915A. The Cook County Jail is dismissed as a Defendant. The Clerk is directed to issue summonses for service on Defendants Kameron Matthews, Sunita Williamson, Sheryl Burns, Salvador Martinez, and Carlos Altez, and the U.S. Marshal's Service is directed to serve them. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order.

■ [For further details see text below.]  Docketing to mail notices.

## STATEMENT

   Plaintiff, Curtis Stewart, presently in custody at the Cook County Jail, has filed an amended complaint as ordered, in his *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that he suffers from a hernia. He seeks money damages from Defendants because they allegedly failed to provide medical care to him while he has been incarcerated at the Cook County Jail.

   Under 28 U.S.C. § 1915A, the court is required to conduct a prompt threshold review of the amended complaint. Here, accepting Plaintiff's allegations as true, the court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Kameron Matthews, Sunita Williamson, Sheryl Burns, Salvador Martinez, and Carlos Altez for deliberate indifference to a serious medical need. *Davis v. Carter*, 453 F.3d 686, 696 (7th Cir. 2006).

   However, as Plaintiff was instructed in the Court's order of June 5, 2012, the Cook County Jail is not a proper defendant as it is not a suable entity. *See Castillo v. Cook County Mail Room Dept.,* 990 F.2d 304, 307 (7th Cir. 1993). Accordingly, Defendant Cook County Jail is dismissed as a Defendant.

   The Clerk shall issue summons forthwith for service on Defendants Kameron Matthews, Sunita Williamson, Sheryl Burns, Salvador Martinez, and Carlos Altez (hereinafter, "Defendants"). The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If the medical Defendants can no longer be found at the work address provided by Plaintiff, the Cook County Jail and/or Cermak Health Care Services shall furnish the Marshal with Defendants' last-known addresses. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the

**(CONTINUED)**

AWL

## STATEMENT

Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the original plus a judge's copy of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to the defendant [or to defense counsel, once an attorney has entered an appearance on defendant's behalf]. Every document filed must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.